Dovie Ray BAKER et al., Appellants,

v.

TEXAS & PACIFIC RAILWAY COMPANY
et al., Appellees.

No. 15298.

Court of Civil Appeals of Texas.

Dallas.

July 10, 1959.

Rehearing Denied July 24, 1959.

Caldwell, Baker & Jordan and Ken R. Davey, Dallas, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case; Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

YOUNG, Justice.

Our disposition of above cause (309 S. W.2d 92, Writ ref. N.R.E.) being one of affirmance, it became unnecessary to pass on the trial court's ruling, adverse to the Railroad, concerning its cross-action against W. H. Nichols & Co. for indemnity. On appeal by Dovie Ray Baker to the U. S. Supreme Court, the trial court's judgment against that petitioner and for the Railroad was reversed and retrial ordered on fact issues of whether or not a relationship of employment had existed between the Railroad and Nichols Co. within meaning of the Federal Employers Liability Act, 45 U.S.C.A. § 51 et seq. Pursuant to said mandate (359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756) on May 22, 1959 we reversed and remanded the cause to trial court, inclusive of Nichols Co.

This appellee now files motion for rehearing, asserting that we have no jurisdiction to reverse and remand the cause with respect to its judgment against the Railroad on said cross-action because the latter, after trial on the merits, did not perfect an appeal therefrom to this Court, since it failed to file any appeal bond as required by the Rules, payable to W. H. Nichols & Co. Inc., the judgment favorable to it becoming final; and praying that our order of reversal be modified either by way of affirmance or dismissal for want of jurisdiction.

The appeal to this Court was by Dovie Ray Baker relating to her claim for damages against the Railroad; however mak-

ing Nichols & Co. a party to her bond on appeal. The Railroad duly excepted to the instructed verdict against it and in favor of Nichols & Co. with supporting cross-assignments of error in its brief on appeal, though filing no bond on this phase of the litigation.

The rule sought to be invoked by appellee, Nichols & Co., is discussed in 3–B Texas Jur. Appeal and Error, Sec. 771, pp. 157, 158. See also Connell Construction Co. v. Phil Dor Plaza Corp., Tex., 310 S.W.2d 311; Cotton v. Henger, Tex. Civ.App., 312 S.W.2d 299; Tex., 316 S.W. 2d 719. But aforesaid Rule is not invariable; Truck Drivers, etc. v. Whitfield Transportation, 154 Tex. 91, 273 S.W. 2d 857. Liability vel non of Nichols & Co. on the Railroad's cross-action centers upon the facts, which will be rehashed even in greater detail than before as between the Railroad and Nichols Co. We cannot assume an identity of these facts on a second trial; the situation, in our opinion, justifying a reversal of cause in its entirety.

The motion is accordingly overruled.