Nellie **DEWALD** et al., Plaintiffs,

v.

**MINSTER PRESS COMPANY**, Defendant-Third Party Plaintiff-Appellant,

v.

**ROSS OPERATING VALVE COMPANY**, Third-Party Defendant-Appellee.

No. 73–1615.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1974.

Decided April 11, 1974.

Jay M. Smyser, Chicago, Ill., for appellant; Buell Doelle, Vandeveer, Doelle, Garzia, Tonkin & Kerr, Detroit, Mich., on brief.

Paul A. Rosen, John A. Kruse, Detroit, Mich., for appellees; Goodman, Eden, Millender, Goodman & Bedrosian, on briefs, Detroit, Mich., for Nellie Dewald and David Dewald.

Harvey, Kruse & Westen, John A. Kruse, Detroit, Mich., for Ross Operating Valve Co.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This unusual case concerns third-party practice, Rule 14, Fed.R.Civ.P. The question presented is whether, in an action for indemnity, a third-party defendant is bound necessarily by a directed verdict against the defendant and third-party plaintiff in the principal action.

Minster Press Company, the defendant and third-party plaintiff, appeals from a judgment in a product liability case entered on separate jury verdicts. Jurisdiction is based on diversity of citizenship. We affirm.

The plaintiff, Mrs. Dewald, an industrial press operator, lost most of both of her hands when her press malfunctioned. She and her husband, alleging negligence, breach of warranty and defects in parts and workmanship, sued Minster, the company which had installed the press. In turn, Minster, alleging that Mrs. Dewald's accident had been proximately caused by the valve manufactured by Ross Operating Valve Co., filed a third-party complaint against Ross in which Minster asked for indemnity in the event Minster be held liable to Mr. and Mrs. Dewald.

At the trial both counsel for Mr. and Mrs. Dewald and Minster advised the jury in their opening statements that they intended to prove that Mrs. Dewald's injury was caused by a manufacturing defect in the Ross valve for which Ross should be held liable. Further, counsel for Minster stated that Minster had advanced Mr. and Mrs. Dewald $300,000 and conceded Minster's liability on the theory that Minster had been a conduit for the allegedly defective Ross valve.[1] Counsel for Ross, the third-party defendant, contended that the evidence would show that the defect in

---

[1]. Counsel for Minster said: "[W]e expect on the basis of the proof here that you will find a verdict against Minster, my client, and then in turn set it over against Ross Operating Valve Co. as the one really chargeable with the error in this case."

the valve came from Minster's installation of it.

Following opening statements, counsel for Ross, noting Minster's admission of liability and the agreement between Mr. and Mrs. Dewald and Minster as to who was the responsible party, effectively moved for a directed verdict for Mr. and Mrs. Dewald against Minster.[2] Counsel for Mr. and Mrs. Dewald joined in the motion. Minster adhered to its admission of liability but objected to the motion on the ground that the court earlier had denied a motion for summary judgment.

District Judge Philip Pratt, noting that Minster's admission in its opening statement injected a new variable not present at the time of the earlier motion, granted the motion for directed verdict insofar as liability was concerned, leaving for the jury only the issue of damages. The District Court further indicated that there should be separate trials of the damage issue in the principal case and the liability issue involved under the third-party complaint.

The damage issue then was tried and the jury returned verdicts awarding Mrs. Dewald $500,000 and Mr. Dewald $75,000. The court thereupon excused the jury from further consideration of the case and impaneled a second jury to try the liability issue between Minster and Ross on the third-party complaint. At the second trial, Minster's motion for summary judgment was denied and the jury subsequently returned a verdict of no cause of action. On these separate jury verdicts the District Court entered the judgment from which this appeal was perfected.

██ Minster's primary contention on appeal is that the District Court erred in denying its motion for summary

judgment against Ross at the second trial because Ross, the third-party defendant, had assumed the "laboring oar" at the first trial to procure a judicial determination that Minster, the defendant and third-party plaintiff, was liable to Mr. and Mrs. Dewald, the original plaintiffs. Minster asserts that when Ross moved for a directed verdict for Mr. and Mrs. Dewald at the first trial, its only basis for so moving was Minster's theory that Minster was only a conduit for the defective Ross valve. In response, Ross states that it did not intend to be bound by Minster's theory of liability and was merely asking for a realignment of the parties in order to preserve adversity among the litigants.

Minster's entire contention is based on the fallacious premise that the District Court based its grant of directed verdict upon Minster's theory of liability. The record reveals no evidence whatsoever to suggest that the District Court accepted Minster's theory of liability. Indeed, the District Judge stated he was granting the directed verdict to insure a fairer and less complex trial and specifically indicated that he was deferring resolution of the liability issue to a later trial.

Assuming arguendo that Ross took up the "laboring oar" in obtaining a directed verdict for Mr. and Mrs. Dewald, we find no basis in Rule 14, Fed.R.Civ.P., or in the authorities cited by Minster, for concluding that the District Court erred in denying Minster's motion for summary judgment at the second trial. As this court recognized in LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander, 414 F.2d 143, 146 (1969), the purpose of Rule 14 is to avoid circuity of actions by disposing of an entire subject matter arising from one set of facts in one action. This purpose does not preclude severance of the third-party claim for separate trial

---

2. Counsel for Ross stated:
   "Under no circumstances should the plaintiff and the defendant who are now allied as to both liability and damages be permitted to call and cross-examine each other's witnesses . . . . [B]ased on the open-

   ing statements, the plaintiff should not be permitted to participate in the liability issues at all. . . . the plaintiff is entitled to a directed verdict on liability, against Minster. . . ."

where trial in one action would unduly complicate the litigation or prejudice a party. See generally 6 Wright & Miller, Federal Practice and Procedure, Civil § 1460, at 318–25 (1971). While Rule 14(a) expressly permits the third-party defendant to assert against the plaintiff any defenses which the third-party plaintiff had to the plaintiff's claim, no policy behind Rule 14 guarantees a third-party plaintiff that its position against the plaintiff will be defended by the third-party defendant.

Each of the cases cited by Minster for its proposition that a directed verdict against a defendant and third-party plaintiff is necessarily binding against the third-party defendant is distinguishable from the present one. For example, in Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662 (1949), the third-party defendant was bound by the adjudication of the defendant's liability to the plaintiff because the jury had found that the defendant and third-party defendant were concurrently negligent. In Horton v. Moore-McCormack Lines, Inc., 326 F.2d 104 (2d Cir. 1964), the third-party defendant was an employee of the third-party plaintiff and necessarily any negligence on the part of the third-party plaintiff had to be caused by the negligence of the third-party defendant and the jury so found. In Caputo v. U. S. Lines Co., 311 F.2d 413 (2d Cir. 1963), the court emphasized that where the principal claim is tried to a jury, the third party defendant is bound by the determination.

In none of these or other cases cited by Minster was the liability of the defendant and third-party plaintiff determined by its own admission. It would be unfair for the third-party defendant to be bound automatically by the admission of liability by the defendant and third-party plaintiff, especially in a case such as this where 1) the third-party defendant demonstrates that its motion for directed verdict for the original plaintiffs was not intended as an acceptance of the theory of liability of the defendant and third-party plaintiff, 2) if the third-party defendant had remained silent, it might have been prejudiced by the lack of adversary positions between the original plaintiffs and the defendant, and 3) the District Court found specifically that a directed verdict was justified because no factual issues remained to be resolved and that a directed verdict would simplify the trial of the remaining issues. Accordingly, we hold that the District Court did not err in denying Minster's motion for summary judgment at the second trial.

■ Minster's secondary contention is that the District Court abused its discretion in impaneling a second jury to try the bifurcated liability issue. In Moss v. Associated Transport, Inc., 344 F.2d 23, 25 (1965), this court recognized that under Rule 42(b), Fed.R.Civ.P., the ordering of separate trials on the issues of liability and damages is within the sound discretion of the trial judge. See also Crummett v. Corbin, 475 F.2d 816, 817 (6th Cir. 1973). In addition, Rule 14(a), Fed.R.Civ.P., specifically permits motions for severance or separate trial of third-party claims. Minster's claimed prejudice of double court expenses resulting from the two trials is of minor significance as compared to the potential prejudice to Ross resulting from the lack of adversary positions between the plaintiffs and the defendant and the complexity of the facts and issues both of which required separate trials of the liability and damage issues. Accordingly, we hold that the District Court did not abuse its discretion in impaneling a second jury to hear the bifurcated liability issue.

Affirmed.