[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12756
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60118-DTKH

JANICE BURGOS-STEFANELLI,

Plaintiff-Appellant,

versus

SECRETARY,
United States Department of Homeland Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 19, 2011)

Before TJOFLAT, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

In January 2009, Janice Burgos-Stefanelli brought this action against the Department of Homeland Security ("DHS") under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794a(a)(1), claiming that DHS unlawfully retaliated against her in several ways, including firing her from her position as Customs Inspector, and harassing her because she had sued DHS in March 2006, for employment discrimination and retaliation in violation of the Rehabilitation Act. In her two-count complaint, Burgos-Stefanelli demanded, in both counts, reinstatement to her position, or if that were not possible, compensatory and other damages.

On March 5, 2010, the district court granted DHS summary judgment. Burgos-Stefanelli timely moved the court to alter or amend the judgment, *see* Fed. R. Civ. P. 59(e). Her motion was denied and this appeal followed. In her brief to us, Burgos-Stefanelli argues that the district court erred (1) in granting DHS summary judgment because she established a *prima facie* case of retaliation, and (2) in finding that DHS proffered a legitimate non-discriminatory justification for its actions against her. DHS contends that the scope of our review is limited to the denial of Burgos-Stefanelli's Rule 59(e) motion, as that was the order specified in her notice of appeal.

I.

We review *de novo* questions concerning our subject matter jurisdiction.

2

*Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). Federal Rule of Appellate Procedure 3(c) requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed.R.App.Proc. 3(c)(1)(B). Ordinarily, the failure to abide by this requirement will preclude us from reviewing any judgment or order not so specified. *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987). An express designation of the order appealed from infers the lack of intent to appeal unmentioned orders or judgments. *Id.* at 1529.

We, however, "liberally construe" the requirements of Rule 3, and "an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006). When the "overriding intent was effectively to appeal" the original judgment, a notice of appeal stating that it appeals from an order on a tolling post-judgment motion must be construed as an appeal from the original judgment and not merely from the denial of the post-trial motion. *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 739 n.1 (5th Cir. 1980). Where the defect in the notice of appeal "did not

3

prejudice or mislead the respondent," the appellate court should not narrowly read the notice of appeal. *Forman v. Davis*, 371 U.S. 178, 181-82, 83 S.Ct. 227, 229-30, 9 L.Ed.2d 222 (1962) (holding appellate court should have construed notice of appeal from denial of motion as an attempt to appeal from underlying judgment).

Since Burgos-Stefanelli's overriding intent was to appeal the order granting DHS summary judgment, we have jurisdiction to consider whether the court erred in granting that order.[1]

## II.

We review *de novo* the district court's grant of summary judgment, viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Burton v. Tampa Housing Authority*, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. We can affirm a grant of summary judgment on any basis supported by the

---

[1] When appropriate, we will review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion. *Shuford v. Fidelity Nat. Property & Casualty Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007). However, the district court's order denying the Rule 59(e) motion is not properly before us because Burgos-Stefanelli did not challenge the order in her brief. *See Access Now v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that issues not briefed on appeal are deemed abandoned).

record.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

The Rehabilitation Act incorporates the anti-retaliation provision from § 12203(a) of the Americans with Disabilities Act ("ADA"), 29 U.S.C. §§ 791(g), 793(d), 794(d); *see Sutton v. Lader*, 185 F.3d 1203, 1207 n.5 (11th Cir. 1999) (stating that the standard for determining liability under the Rehabilitation Act is the same as under ADA, in the context of a discrimination claim).  Under the ADA's anti-retaliation provision, "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this chapter."  42 U.S.C. § 12203(a).  This anti-retaliation provision is similar to Title VII's prohibition on retaliation.  *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).  Accordingly, we assess retaliation claims pursuant to the Rehabilitation Act under the framework we use in assessing Title VII retaliation claims.  *See Ellis v. England*, 432 F.3d 1321, 1323-24 (11th Cir. 2005) (discussing the procedures for a federal employee to raise disability claims under the Rehabilitation Act).

When, as here, summary judgment is granted based on circumstantial evidence, we analyze the case using the shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see Wright v. Southland Corp.*, 187 F.3d 1287, 1305 (11th Cir. 1999) (holding that the

5

*McDonnell Douglas* analytic framework applies to retaliation claims). Under

*McDonnell Douglas*, the plaintiff bears the initial burden of establishing a *prima*

*facie* case. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir.

2001). Once a plaintiff has established a *prima facie* case, the employer then has

an opportunity to articulate a legitimate, non-retaliatory reason for the challenged

employment action. *Id*. If the employer proffers such an explanation, the burden

shifts back to the plaintiff to prove by a preponderance of the evidence that the

defendant's explanation is merely a pretext. *Id.*

To establish a *prima facie* case of retaliation, a plaintiff may show that:

(1) she engaged in statutorily protected expression; (2) she suffered a materially

adverse employment action; and (3) there was some causal relationship between

the two events. *Goldsmith v. Bagby Elevator Co., Inc*., 513 F.3d 1261, 1277

(2008). The filing of an EEO claim is a "statutorily protected activity," *see id*, as

is the filing of an employment discrimination lawsuit, *Donnellon v. Fruehauf*

*Corp*., 794 F.2d 598, 600 (11th Cir. 1986).

Regarding an adverse action, a "plaintiff must show that a reasonable

employee would have found the challenged action materially adverse." *Burlington*

*Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405,

2415, 165 L.Ed.2d 345 (2006). In *Burlington Northern*, the Supreme Court stated,

6

"The anti-retaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67, 126 S.Ct. at 2414. The acts must be material and significant and not trivial. *Id.* at 68, 126 S.Ct. at 2415. In addition, a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quotation omitted). Further, "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id.* at 69, 126 S.Ct. at 2415. Under the holding in *Burlington*, actionable retaliatory conduct includes not only that which affects terms and conditions of employment, but also any conduct "which has a materially adverse effect on a plaintiff, irrespective of whether it is employment or workplace related." *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008) (quotations omitted).

Regarding the causal-relationship prong, we construe this element broadly so that a plaintiff simply has to demonstrate that the protected activity and the adverse action are not completely unrelated. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). A plaintiff satisfies this element if she provides sufficient evidence that her employer had knowledge of the protected expression and "that there was a close temporal proximity between this awareness and the adverse . . .

action." *Id.* While we have not stated exactly how close the temporal proximity must be, it has acknowledged that the "mere temporal proximity between . . . knowledge of protected activity and an adverse . . . action . . . must be 'very close.'" *Id.* (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001), and noting that the Supreme Court cited with approval decisions holding that a three to four month disparity is insufficient to establish a causal connection). Furthermore, "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Id.* at 1220-21 (holding that, by itself, three months was insufficient to prove causation, but noting a previous holding that one month is "not too protracted.").

We conclude that Burgos-Stefanelli failed to establish a *prima facie* case of retaliation. Except for the proposed and actual termination of her employment, the actions of DHS did not constitute materially adverse actions; moreover, she failed to show that those actions were causally related to her protected activity. Even if she satisfied this prong, however, we note that she still failed to show pretext, for reasons set forth below.

## III.

If a plaintiff establishes a *prima facie* case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. *Pennington*, 261 F.3d at 1266. The employer "need not persuade the court that its proffered reasons are legitimate," as its burden is "merely one of production, not proof." *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*). "This intermediate burden is "exceedingly light." *Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1061 (11th Cir. 1994).

If the employer proffers such a legitimate non-retaliatory explanation, the employee must show by a preponderance of the evidence that the legitimate reasons offered by the employer for taking the adverse action were not its true reasons. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000). A claimant cannot establish pretext by simply demonstrating facts that suggest retaliatory animus, but must specifically respond to each of the employer's explanations and rebut them. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1309 (11th Cir. 2007). A reason is not pretextual unless it is shown both that the reason was false, and that retaliation was the real reason. *See Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006). If "the proffered reason is one that might

9

motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason," or showing that the decision was based on erroneous facts. *Chapman*, 229 F.3d at 1030.

DHS provided a legitimate, non-discriminatory reason for its decision to terminate Burgos-Stefanelli's employment based on the medical reports submitted by her treating physicians. Burgos-Stefanelli failed to produce any evidence to show that this reason was pretextual.

AFFIRMED.