[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12930
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00560-WTH-PRL


TERRY A. BURLISON,

                                        Plaintiff - Appellant,

versus

SARAH RITTERHOFF WILLIAMS,
Individually and as a County Court Judge,
JEFFREY W. BENEFIELD,
CASSANDRA K. BENEFIELD,
MARION COUNTY FLORIDA,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 28, 2014)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Terry A. Burlison, proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint under 42 U.S.C. § 1983 for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine.[1]  After reviewing the record and the parties' briefs, we affirm.

# I

Mr. Burlison alleged in his complaint that on September 19, 2012, Judge Sarah Ritterhoff Williams—both in her individual capacity and in her official capacity as Marion County Court Judge—Jeffrey W. Benefield, and Cassandra K. Benefield engaged in discussions with one another in the case of "*Benefield v. Burlison* in [the] absence of representatives of opposing party."  D.E. 1 at 3.  Mr. Burlison asserts that these discussions were conducted "under color of state law," and violated his constitutional right to due process.  Mr. Burlison also alleged that

---

[1] Mr. Burlison's notice of appeal states that he is appealing from the district court's denial of his "Motion for New Trial."  D.E. 30.  "The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."  *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987).  "[A]n appeal[, however,] is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal" the original judgment.  *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 738–39 n.1 (5th Cir. 1980) (internal quotation marks omitted).  Because Mr. Burlison is a *pro se* litigant, and because it appears he intended to appeal the order of dismissal, we will construe Mr. Burlison's notice of appeal to include that order.  Mr. Burlison offers no argument on the denial of his "Motion for New Trial," so that claim is abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.") (citation omitted).

2

Marion County "is liable for damages for its failure to train its judicial officers [concerning] rules impose[d] upon its judicial officer[s] under Florida State Code of Judicial Conduct." *Id.* at 3. Mr. Burlison's complaint, however, did not allege any facts concerning the nature of the discussions between the defendants, the subject matter and status of the "*Benefield v. Burlison*" matter, how the defendants were acting under color of state law, or how Mr. Burlison's due process rights were violated.

Marion County and the Benefields responded by filing motions to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and Judge Ritterhoff Williams moved for a more definite statement under Fed. R. Civ. P. 12(e). Mr. Burlison filed responses to each motion, essentially arguing that he had sufficiently alleged claims for relief and sufficient facts to place Judge Ritterhoff Williams outside of any immunity protections.

Before the district court addressed the defendants' motions, Mr. Burlison filed a motion for temporary restraining order, seeking to enjoin the Benefields from accessing Mr. Burlison's mobile home, and a motion for preliminary injunction seeking to enjoin the defendants from executing a writ of possession obtained in the "*Benefield v. Burlison*" state court matter, and/or actually taking possession of the mobile home. These motions asserted facts which, coupled with the allegations in Mr. Burlison's complaint, indicated to the district court that the

instant federal action was related to or arose out of a state court proceeding, or a final state court judgment. The district court denied Mr. Burlison's motion for temporary restraining order for failure to comply with Fed. R. Civ. P. 65 and M.D. Fla. Local Rules 4.05 and 4.06. The court, however, reserved ruling on the motion for preliminary injunction, and directed the parties to show cause in writing, supported by evidence, why Mr. Burlison's complaint should not be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

In response to the district court's order to show cause, Judge Ritterhoff Williams submitted evidence that the September 19, 2012, discussion referenced in Mr. Burlison's complaint related to a hearing in a state civil eviction matter, *Jeffrey W. Benefield and Cassandra K. Benefield v. Terry A. Burlison*, Case No. 12-1901-SC, in which the Benefields were seeking to evict Mr. Burlison from their mobile home park and to recoup unpaid rent. Judge Ritterhoff Williams was the judge presiding over the matter.

The record evidence submitted to the district court reflects that all parties, including Mr. Burlison, attended the September 19, 2012 hearing, which was held to determine whether Mr. Burlison was in default for failing to pay his rent into the court's registry. During the course of the hearing, Judge Ritterhoff Williams entered a default judgment of possession in favor of the Benefields. Subsequent to the ruling, Mr. Burlison stated, "[i]f I find you have lacked jurisdiction to rule in

4

this matter that will not be treated kindly. Real good. Thank you very much." D.E. 23-2 at 27:17. It appears that Mr. Burlison then voluntarily left before the hearing concluded, as there was no further discussion from him following his remarks to the court regarding its jurisdiction. After Mr. Burlison apparently left the courtroom, the attorney for the Benefields, the court clerk, and Judge Ritterhoff Williams continued to discuss administrative matters—such as how and when the Benefields could obtain the monies previously deposited in the court's registry— for the balance of the hearing.

On October 3, 2012, Judge Ritterhoff Williams entered two orders memorializing her September 19th oral decision granting final default judgment in favor of the Benefields, granting possession of Mr. Burlison's mobile home to the Benefields, and directing the clerk of court to issue a writ of possession to the Marion County Sheriff's Department.

After reviewing the responses submitted by all parties, the district court found that the "discussions, and the entire hearing on September 19, 2012, relate directly to the final default judgment and final judgment of possession entered by Judge Ritterhoff Williams. Thus, any § 1983 claims raised in [federal court] are inextricably intertwined with the state court judgments." D.E. 26 at 4-5. In dismissing Mr. Burlison's complaint, the district court explained that it had to abstain from exercising jurisdiction under the *Rooker-Feldman* doctrine, because

5

"[i]n order for Mr. Burlison to prevail on his § 198[3] claim, the [c]ourt would necessarily have to review, interfere with, and/or overrule Judge Ritterhoff Williams' final orders of default judgment and possession." *Id.* at 5.

## II

We review *de novo* a district court's determination that it lacked subject-matter jurisdiction over a plaintiff's claim in light of the *Rooker–Feldman* doctrine. *See Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).[2]

## III

Mr. Burlison's opening brief designates a single issue on appeal: whether the district court correctly determined that the *Rooker-Feldman* doctrine divested it of subject-matter jurisdiction.[3] The *Rooker-Feldman* doctrine prevents federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Mr. Burlison, however, offers no argument on the *Rooker-Feldman* issue

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-17 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

[3] Mr. Burlison also appears to raise a new Fourth Amendment claim on appeal. We, however, do not generally consider arguments raised for the first time on appeal. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. But, issues not raised below are normally deemed waived.") (citations omitted).

on appeal, and so we conclude that he has abandoned it.  *See Timson*, 518 F.3d at 874.  *See also Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that passing references to an issue in the statement of the case in an initial brief without "elaborat[ion] [of] arguments on the merits" constitutes a waiver).

## IV

Accordingly, we affirm the district court's dismissal of Mr. Burlison's complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

**AFFIRMED.**