TRANS WESTERN LEASING CORPORATION, A NEVADA CORPORATION, APPELLANT, v. CORRAO CONSTRUCTION CO., INC., A NEVADA CORPORATION AND LAZOVICH & LAZOVICH, INC., DBA L & L ROOFING, RESPONDENTS.

No. 13390

August 27, 1982            649 P.2d 1371

*Glade L. Hall,* Reno, for Appellant.

*John J. McCune, Michael B. Springer* and *Timothy E. Rowe,* Reno, for Respondent Corrao Construction Co., Inc.

*Erickson, Thorpe, Swainston & Cobb,* Reno, for Respondent Lazovich & Lazovich.

## OPINION

*Per Curiam:*

Respondent Lazovich & Lazovich (hereinafter L&L) has moved this court for an order dismissing the appeal of appellant Trans Western Leasing Corporation (hereinafter TWL) as against L&L.

Respondent Corrao Construction Co. sued appellant TWL in district court for money withheld by TWL after completion of construction of TWL's warehouse. TWL thereafter counterclaimed against Corrao for defective construction. Corrao then filed a third-party complaint against L&L on indemnification principles only, *i.e.,* for any liability which might ultimately be established by TWL against Corrao on TWL's counterclaim.

A trial of the matter resulted in a verdict in favor of Corrao on the complaint and on the counterclaim. Because Corrao prevailed on TWL's counterclaim, judgment was granted in favor of L&L on Corrao's third-party complaint for indemnification. TWL appealed, naming both Corrao and L&L as party-respondents. This motion to dismiss followed. The motion has not been opposed by appellant TWL, but Corrao has filed opposition.

We grant respondent L&L's motion to dismiss this appeal as against L&L. No claim against L&L was made in district court by appellant TWL. L&L, a third-party defendant below, was brought into the district court action by a third-party complaint for indemnification filed by Corrao, who has not appealed. Thus, the indemnity controversy is not at issue in this appeal. Accordingly, this appeal shall be dismissed as against

respondent L&L.[1] *See* Mitchell v. Mackin, 376 So.2d 684 (Ala. 1979); Hutchinson v. Bal Construction, Inc., 196 So.2d 71 (La.App. 1967).

---

[1]Contrary to respondent Corrao's contention, dismissal of respondent L&L from this appeal will not preclude Corrao from reasserting its indemnification claim against L&L in the event of reversal. No trial on the merits of Corrao's claim for indemnification was had. The jurors were instructed to decide the indemnification claim only if they found for TWL on its counterclaim against Corrao. Since the jurors found for Corrao, and against TWL, they never reached the indemnification question. *See* Baker v. Texas & Pacific Railway Company, 326 S.W.2d 639 (Tex.Civ.App. 1959); Henger v. Cotton, 316 S.W.2d 719 (Tex. 1958).