Marvin E. STEWART, Plaintiff,

v.

CRAN–VELA RENTAL CO., INC., Third-Party Defendant-Appellant,

SHELL OIL COMPANY, Defendant-Third-Party Plaintiff-Appellee.

XYZ Insurance Co., Defendant,

State Automobile & Casualty Underwriters, Intervenor.

No. 74–1107.

United States Court of Appeals, Fifth Circuit.

April 7, 1975.

Geoffrey H. Longenecker, for defendant-appellant.

Abraham Gerber, New Orleans, La., for North West Ins. Co., amicus curiae.

Edward J. Koehl, Jr., John R. Peters, Jr., New Orleans, La., for defendant-appellee.

Phillip T. Hager, New Orleans, La., for Stewart.

Before BELL, AINSWORTH and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In Allen v. Texaco, Inc., 510 F.2d 977 (5th Cir. 1975), we held that a workmen's compensation insurance carrier's waiver of subrogation rights as to a third party precludes the carrier from asserting a right to a compensation lien against the settlement proceeds received by the injured employee when he sues the third party for damages because of his injuries. This case presents this same issue in a slightly different context. Here the employer was obligated by contract to obtain a waiver of subrogation in favor of a third party from its workmen's compensation insurance carrier, but failed to do so. The dispute in this case is over the effect of that breach as between the employer and the third party. Following *Allen*, we hold that as

damages for the breach of contract the third party would be able to recover from the employer the amounts paid to the compensation carrier on the subrogation claim. We affirm the district court's judgment for such damages in favor of the third party against the employer.

Cran-Vela Rental Company contracted to furnish Shell Oil Company labor and equipment. The contract between them required Cran-Vela to maintain on the employees furnished Shell compensation insurance coverage under the Longshoremen's and Harbor Workers' Act, the Outer Continental Shelf Lands Act, and the Jones Act, and to see that the policies included a waiver of subrogation by the insurers in favor of Shell. In the alternative, Shell could be named as a co-assured in each policy. Despite these contract provisions with Shell, the compensation policy issued by State Automobile & Casualty Underwriters to Cran-Vela neither contained a waiver of subrogation nor named Shell as a co-assured. The district court found that Shell had not waived its contractual right by silent receipt of the insurance certificate and in its findings of fact stated:

> I cannot draw from the certificates of insurance . . . any inference that Shell has waived its rights. There is nothing in this document to call to Shell's attention that no waiver has been secured. Even if we assume that the delivery of this document were sufficient to put Shell on notice that it was not a co-assured, it certainly says nothing to put Shell on notice that the waiver of subrogation has not been obtained. . . . I could not find from receipt of this verification of insurance any intentional relinquishment of a right clearly specified in the agreement.

This finding is not clearly erroneous under F.R.Civ.P. 52(a).

Marvin Stewart sued Cran-Vela and Shell for personal injuries sustained while Stewart was employed by Cran-Vela and working offshore on a Shell job as a roustabout. Stewart claimed to have been injured aboard a Shell workboat when the boat's operator, a Shell employee, backed it into an offshore structure causing Stewart to fall to the deck. His cause of action was based on allegations of Jones Act negligence, unseaworthiness, and maritime tort. Both Shell and Cran-Vela denied any liability for Stewart's injuries but filed cross-claims against each other seeking indemnity on various theories. State Auto intervened in the suit seeking recovery of the compensation benefits paid to Stewart on behalf of Cran-Vela.

Immediately after a jury had been impanelled in the case, and with the approval of the district court, the claims of Stewart and State Auto were settled by Shell. As part of the settlement Shell paid State Auto the sum of $4,940.65, approximately one-half of the compensation paid by State Auto to Stewart. Shell specifically reserved its right to pursue Cran-Vela under its cross-claim. The district court entered a judgment incorporating the terms of this settlement.

Following the settlement, Shell asserted against Cran-Vela the breach of contract claim reserved by the judgment for failure to obtain a waiver of subrogation in Shell's favor in its policy with State Auto. The only issue tried by the district court and to be decided on this appeal involves the effect of this admitted breach of contract.

■ Cran-Vela's principal issue presented for review on appeal is the same as that presented in Allen v. Texaco, Inc., 510 F.2d 977 (5th Cir. 1975). It argues that even if a waiver of subrogation had been secured in Shell's favor, State Auto could have recovered its compensation payments from the plaintiff's recovery fund. Therefore, Cran-Vela contends, Shell was not damaged by Cran-Vela's breach of contract in not securing the waiver of subrogation. Since the issue is decided adversely to Cran-Vela by Allen, there is no need for further discussion as to this point. By holding that a waiver of sub-

rogation precludes assertion of a lien against the plaintiff's recovery fund, we necessarily determine that Cran-Vela's breach did in fact cause Shell to pay moneys it would not otherwise have owed.

Cran-Vela seeks reversal on certain other points not governed by *Allen*. Stewart was a borrowed servant of Shell at the time of the accident, Cran-Vela argues, so that Shell was the party responsible for compensating him under the terms of the Longshoremen's and Harbor Workers' Act and cannot complain about Cran-Vela's failure to obtain a waiver of subrogation. The district court did not make any findings concerning Stewart's status as a borrowed servant of Shell. Likewise we do not need to address this factual issue. Even if Stewart had been a borrowed servant of Shell, Cran-Vela cannot now argue that Shell was Stewart's employer for compensation purposes. At the time of the accident Stewart was a payroll employee of Cran-Vela, doing longshoreman's work on account of and on behalf of Shell pursuant to Shell's agreement with Cran-Vela. In addition, Shell had required as a contract obligation of Cran-Vela that it provide insurance coverage under the Longshoremen's and Harbor Workers' Act to all employees. Cran-Vela even asserted the exclusivity of State Auto's compensation payments as a defense in its answer to Stewart's original complaint. Under these circumstances, we find no merit to Cran-Vela's borrowed servant argument.

Cran-Vela next argues that Shell's claim against it is contradictory to the payments Shell made to State Auto. Because State Auto's rights are only as a subrogee of Cran-Vela, the argument goes, Shell's payment to State Auto is equivalent to payment to Cran-Vela. What Cran-Vela overlooks is that in this case, Shell was legally liable to State Auto, but not to Cran-Vela. By the contract, Cran-Vela gave up any right it might have had to be subrogated to the employee's claim against Shell by its agreement to obtain insurance with a waiver of subrogation. Cran-Vela could not have recovered against Shell even if it had failed to get any insurance and been required to pay the compensation itself. But Cran-Vela's contracting away of its subrogation rights was not binding on State Auto. Thus, State Auto can assert a greater right against Shell as a subrogee of Cran-Vela than Cran-Vela itself would have had. In the legal realities of the case, there is nothing contradictory in Shell's actions.

Finally, Cran-Vela challenges Shell's action in entering into the settlement with State Auto. Cran-Vela asserts that the district court erred in limiting the inquiry on the cross-claim to the reasonableness of the settlement. It claims that since Cran-Vela was not a party to the settlement, it is not bound by the results of the settlement and the judgment of approval and it should have been allowed to litigate the merits of Shell's liability to State Auto. It contends that if Shell had, in fact, no liability to Stewart or State Auto, any settlement with these parties would have been unreasonable.

Much of Cran-Vela's argument is misguided in that it attacks the settlement in an indemnity context rather than on breach of contract principles. Shell voluntarily dismissed its claim against Cran-Vela for indemnity and pursued only its claim for damages resulting from Cran-Vela's breach of contract. We agree with the district court that under these circumstances "the real issue is whether Shell acted reasonably and prudently in disposing of the matter and minimizing its damages." Cran-Vela has no right to pursue to ultimate determination the issue of Shell's liability to Stewart or State Auto. There was no need for the district court to determine whether Shell was or was not, in fact, liable. The purpose of the settlement and the judgment entered approving it was to dispose of the liability claim without such a conclusive determination. The district court was correct in deciding that all "the law requires is a determination by the Court that there has been a reasonable and fair payment by the party who asserts a breach of

contract." The conclusion that "there has been a reasonable and fair payment by Shell" is not clearly erroneous. As a result of Cran-Vela's breach of contract, Shell was exposed to liability to the compensation insurer, State Auto, for the $9,741.30 of compensation paid to Stewart. The settlement for one-half this amount cannot be said to be unreasonable as a matter of law.

Shell has proceeded in this litigation on the theory that Cran-Vela breached its contract in not effecting a waiver of subrogation as to Shell, rather than in not having Shell named as a co-assured. Where the option of fulfilling one of two alternative promises rests with the promisor who is in default, the measure of damages is the loss caused by reason of the promisor failing to perform the promise with the lesser value. Western Oil & Fuel Co. v. Kemp, 245 F.2d 633, 640 (8th Cir. 1957); Williston on Contracts § 1407 (3d ed. W. Jaeger 1968). Since the parties have not seen fit to contest the issue of whether a waiver of subrogation has the same legal affect as naming a party as a co-assured, we do not consider it on this appeal.

Affirmed.