Mary Margaret J. ANTHONY, etc., et al., Plaintiffs,

v.

PETROLEUM HELICOPTERS, INC., Defendant-Appellant,

v.

BOEING–VERTOL COMPANY and Messerschmitt-Boelkow-Blohm Gmbh, Third-Party-Defendants-Appellees.

Mrs. Slavka PETROVIC, et al., Plaintiffs,

Milutin D. Petrovic, Plaintiff-Appellant,

v.

PETROLEUM HELICOPTERS, INC., et al., Defendants,

Texaco, Inc., Defendant-Appellee.

Mary Margaret J. ANTHONY, personal representative and Administratrix of the estate of Carroll J. Anthony, et al., Plaintiffs,

v.

PETROLEUM HELICOPTERS, INC., Defendant-Appellant,

v.

BOEING–VERTOL COMPANY and Messerschmitt-Boelkow-Blohm Gmbh, Third-Party-Defendants-Appellees.

Nos. 81–3435, 81–3510.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1982.

Vance E. Ellefson, New Orleans, La., for defendant-appellant in both cases.

Lugenbuhl, Larzelere & Ellefson, New Orleans, La., for defendant-appellant in No. 81–3510.

Liskow & Lewis, Stephen T. Victory, New Orleans, La., for Messerschmitt-Boelkow-Blohm GMBH.

Caffery, Oubre & Dugas, Jerry A. Oubre, New Iberia, La., for Texaco.

Phelps, Dunbar, Marks, Claverie & Sims, Howard Daigle, Jr., Harry S. Redmon, Jr., New Orleans, La., for Boeing-Vertol.

Before INGRAHAM, REAVLEY and POLITZ, Circuit Judges.

INGRAHAM, Circuit Judge:

These appeals arise from four consolidated cases in the court below involving the crash of a helicopter owned and operated by Petroleum Helicopters, Inc. (PHI). In the crash, passenger Anthony drowned and passenger Petrovic suffered injuries. The district court entered summary judgment for Messerschmitt-Boelkow-Blohm GmbH (MBB), the manufacturer of the helicopter; Boeing-Vertol Division of the Boeing Company (Boeing), MBB's United States distributor; Texaco, Anthony's employer; and Electrical Systems and Services, Inc. (ESS), Petrovic's employer. PHI, which sought damages for loss of the helicopter and contribution for the Anthony and Petrovic settlements, appealed the summary judgment in favor of MBB and Boeing. Although MBB and Boeing failed to file a protective appeal against Texaco, both contend that this court should also consider the appropriateness of the Texaco summary judgment. Texaco, however, urges its dismissal from the appeal because the only appeal naming it a party, the Petrovic appeal, has been dismissed. For the reasons given below, we reverse the summary judgment in favor of MBB and Boeing and remand the cause for further proceedings. In addition, we grant Texaco's motion to dismiss.

Petrovic's personal injury suit named PHI, MBB, Boeing, Texaco, and ESS[1] as defendants, while the Anthony wrongful death action against PHI was amended to include MBB and Boeing as defendants.[2] In both suits, cross claims for contribution were filed by PHI against MBB and Boeing, and by MBB and Boeing against PHI and Texaco. PHI, MBB, and Boeing also brought third-party claims against Anthony. Further, PHI sued MBB and Boeing

for loss of the helicopter. All claims were based in negligence; the passengers' claims sounded additionally in strict liability.[3] On July 17, 1981, the district court entered summary judgment in favor of MBB, Boeing, and Texaco for all claims, counterclaims, and cross claims asserted in the consolidated cases. Left as the remaining defendant, PHI settled the Anthony and Petrovic claims and appealed only the summary judgment in favor of MBB and Boeing. Petrovic appealed the summary judgment in favor of MBB, Boeing, and Texaco, but dismissed the appeal after settling with each.

Summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). See, e.g., Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117 (5th Cir.1982). On review, this court applies the same legal standards used by the district court to determine whether summary judgment was appropriate. Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc., 669 F.2d 1026, 1030 (5th Cir.1982); Environmental Defense Fund v. Marsh, 651 F.2d 983, 991 (5th Cir.1981). Accordingly, in reviewing the evidence and factual inferences arising from it, we must resolve all reasonable doubts in favor of the nonmovant. Impossible Electronics, 669 F.2d at 1031; Casey Enterprises v. American Hardware Mutual Ins. Co., 655 F.2d 598, 602 (5th Cir.1981). If reasonable minds might differ on the resolution of any material fact or even on the inferences arising from undisputed facts, summary judgment must be denied. Impossible Electronics, 669 F.2d at 1031; Nu-

---

1. The district court's entry of summary judgment in favor of ESS has not been appealed.

2. The worker compensation carriers for Texaco and ESS intervened in each of the suits but are not before this court on appeal.

3. Although the passengers' claims were based in part on the theory of strict liability, the district court apparently addressed only the negligence theory. See note 5, infra. While several circuits have recognized strict liability

in admiralty cases, e.g., Pan-Alaska Fisheries, Inc. v. Marine Construction & Design Co., 565 F.2d 1129, 1134–35 (9th Cir.1977), this circuit has neither explicitly accepted nor rejected its applicability in the maritime setting. Bottazzi v. Petroleum Helicopters, Inc., 664 F.2d 49, 52 (5th Cir.1981). Since the disposition of this case does not require a resolution of this issue, we decline to address it prior to consideration by the district court.

*nez v. Superior Oil Co.,* 572 F.2d 1119, 1124 (5th Cir.1978). Moreover, the nonmovant need not respond to the motion for summary judgment unless and until the movant has properly carried its burden. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *Impossible Electronics,* 669 F.2d at 1031.

MBB manufactured the BO–105C helicopter that PHI purchased from Boeing. The helicopter was designed to seat three passengers in the rear and one in the copilot's seat when the control stick was removed. When the cyclic control stick was removed, a stub remained exposed on the floor in front of the passenger. Although PHI made and installed covers for the stubs, this helicopter apparently lacked the cover. On the morning of November 29, 1978, the weather conditions were very poor. Nevertheless, the pilot, Linker, decided to fly Anthony, who sat in the converted copilot seat, and Petrovic, who sat in the rear, to a nearby offshore drilling platform. The weather further deteriorated and Linker diverted the flight to a closer platform. While banking the helicopter, he saw a flock of birds and swerved to miss them. Suddenly, the control stick jerked from his hand and the helicopter went into a nose dive. He grabbed the stick and pulled it back, but could bring it no further than the neutral position. Linker glanced around to discover the problem. He saw Anthony's leg slightly raised. The helicopter hit the water and sank.[4] Anthony drowned while they awaited rescue; Linker and Petrovic survived with injuries. Linker testified that he assumed Anthony stepped on the exposed control stub, snapping the pilot's stick from his hand, and then caught his foot between the stub and housing, preventing Linker from regaining control.

■ The district court concluded that there was no evidence of specific design defect or manufacturing flaw [5] and that the testimony regarding causation was too speculative. To arrive at this conclusion, the district court must have disregarded the testimony of Linker and MBB's expert witnesses. As we have recently noted, "[t]hat the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues." *Byrd v. Roadway Express, Inc.,* 687 F.2d 85, 86 (5th Cir.1982). The district court further determined that Anthony's alleged act could not constitute negligence because the "law imposes a duty upon defendant, PHI, to cover the stub once it removed the corresponding cyclic control." Even assuming that PHI breached a duty to cover the exposed stub, its negligence does not preclude the negligence of others. The finding of negligence and apportionment of fault are traditionally factual issues in admiralty cases. *See Todd Shipyards Corp. v. Turbine Service, Inc.,* 674 F.2d 401, 405 (5th Cir.1980). Because genuine issues of material fact remain, we reverse the summary judgment in favor of MBB and Boeing and remand the case for further proceedings.

■ Being back in the lawsuit, MBB and Boeing contend that we should consider whether summary judgment was proper for Texaco. Texaco, however, reurges its motion for dismissal, which has been carried with the appeal. Although appellate courts have "discretionary power to retain all parties in the lawsuit [on] remand ... to insure an equitable resolution at trial," *Bryant v. Technical Research Co.,* 654 F.2d 1337, 1342 (9th Cir.1981), this discretion has been exercised only in narrowly defined situations: when the reversal "wipes out all basis for recovery against the nonappealing, as well as against the appealing defendant" *Daniels v. Gilbreath,* 668 F.2d 477 (10th Cir.1982); *Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734, 742–45 (5th Cir.1980); when the failure to reverse with respect to

---

4. The helicopter has never been recovered.

5. The memorandum ruling by the district court indicates that it failed to determine whether strict liability was applicable to the present case, *see* note 3, *supra,* and if so, whether there were no issues of fact, e.g., the existence of a dangerous condition, notice, and assumption of the risk.

the nonappealing party will frustrate the execution of the judgment in favor of the successful appellant, *In re Barnett,* 124 F.2d 1005, 1008–12 (2d Cir.1942); or when the appealed decision could reasonably be read as not being adverse to the nonappealing party. *Bryant,* 654 F.2d at 1342–43. MBB and Boeing argue that as successful parties in the district court, they had nothing to appeal. While MBB and Boeing initially had no reason to appeal the summary judgment in favor of Texaco because they had received a favorable judgment, the appeal by PHI raised the possibility of reversal. MBB and Boeing were put on notice that they might be brought back into the lawsuit, where adverse consequences would flow from Texaco's summary judgment. MBB and Boeing obviously recognized this potential effect when they filed their briefs opposing Texaco's motion for summary judgment. Consequently, MBB and Boeing do not fall within any of the exceptional situations in which the appellate courts have exercised their discretionary power. Since neither party filed a protective appeal against Texaco pursuant to Fed.R.App.P. 4(a)(3),[6] we dismiss the appeal with respect to Texaco.[7]

Therefore, the summary judgment in favor of MBB and Boeing is REVERSED and REMANDED and the motion to dismiss by Texaco is GRANTED.

---

6. As the District of Columbia Circuit Court has aptly stated:

It may seem anomalous at first blush that a successful litigant in the lower court should be under any necessity whatsoever of appealing from the decree which brought him victory. But the judgment may, as here, be comprised of several elements, adverse as well as favorable. If the prevailing party wishes to rely on appeal on a contention decided against him, he must preserve his rights by an appeal. This can be by a cross-appeal if time permits after his opponent has appealed, or it may be by a timely notice of appeal which can be dismissed if the other party elects not to pursue the litigation further. In the absence of such a preservation of the point, the successful litigant must be taken to have regarded the grounds upon which he won as so strong that he is content to rely upon them alone in the appellate proceedings.

*Tallman v. Udall,* 324 F.2d 411, 418 (D.C.Cir. 1963) (McGowan, J., joined by Miller, J., concurring), *rev'd on other grounds,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964).

7. The dismissal of Texaco from the appeal makes it unnecessary for us to address the problem of appellate jurisdiction over a party that does not remain a named party. *See Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734, 742 n. 7 (5th Cir.1980).