Thomas KLEPAC, Plaintiff,

Highlands Insurance
Company, Intervenor,

v.

CHAMPLIN PETROLEUM COMPANY,
Defendant–Cross Plaintiff–Appellant,

v.

WESTERN OCEANIC, INC., Cross
Defendant–Appellee,

and

The Dia Log Company,
Defendant–Appellee.

No. 87–2877
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 9, 1988.

Kenneth G. Engerrand, G. Byron Sims, Brown, Sims, Wise & White, Houston, Tex., for Champlin Petroleum Co.

Kenneth D. Kuykendall, Royston, Rayzor, Vickery & Williams, Houston, Tex., for Western Oceanic, Inc.

Louis E. McCarter, Billy Coe Dyer, Vinson & Elkins, Houston, Tex., for Dia Log Co.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Defendant Champlin Petroleum Company appeals from an adverse summary judgment on a claim of indemnification against Champlin. We reverse the summary judgment and remand the case.

I.

Plaintiff Thomas Klepac brought this action against defendants Champlin Petroleum Company (Champlin) and Western Oceanic, Inc. (Western), for damages in the amount of $350,000 to compensate for personal injuries sustained on Western's offshore drilling rig. Western filed a cross-claim against Champlin seeking indemnification and, alternatively, contribution. Western thereafter moved for summary judgment on its cross-claim for indemnification. The district court granted the motion. Champlin appeals.

II.

A.

The indemnification cross-claim is governed by a drilling contract dated March 22, 1984, between Western and Champlin. Western contends that, under article 808 of the contract, Champlin must indemnify Western for any amount paid on Klepac's personal injury claim. Champlin resists Western's contention in two ways. First, Champlin disagrees with Western's interpretation of article 808 and argues that this

article does not provide for indemnification of amounts paid on claims made by persons in Klepac's position. Second, Champlin argues that, even if article 808 does provide a duty to indemnify in the present case, this duty applies only to amounts exceeding certain insurance coverage that article 901 of the contract required Western to maintain. For reasons stated below, we agree with Champlin's second contention. Further, since the amount of Klepac's claim is well within the required insurance coverage, Champlin's second contention is determinative of this appeal, and we therefore need not reach Champlin's first contention.

## B.

In *Ogea v. Loffland Brothers Co.,*[1] the drilling contract required the party in Western's position to procure and maintain comprehensive general liability insurance coverage in the amount of $500,000. The party in Champlin's position was to be named a co-insured under that insurance coverage. The drilling contract also imposed a duty of indemnification upon the party in Champlin's position.

The *Ogea* Court read the insurance provision and the indemnification provision together, such that the insurance "would cover ... damages" "up to $500,000.00," and "[f]or damages in excess of $500,000.00, the indemnity provisions would come into effect."[2]

In the present case, the district court did not dispute the *Ogea* analysis. Instead, the district court noted that, whereas the *Ogea* drilling contract provided that the party in Champlin's position "was to be named a co-insured in the [comprehensive general liability insurance] policies,"[3] the present drilling contract in article 901 "only requires Western to name Champlin as co-insured *on policies insuring Western's indemnities to Champlin,*"[4] not on comprehensive general liability insurance policies. We disagree with the district court's interpretation of article 901.

1. 622 F.2d 186 (5th Cir.1980).

2. 622 F.2d at 189–90.

3. 622 F.2d at 189.

Article 901 of the drilling contract provides:

[# 1] [Western] shall maintain, at its sole cost, and shall require any subcontractors it may engage to maintain, at all times while performing work hereunder, the insurance coverage set forth in Schedule "D" with companies satisfactory to CHAMPLIN with full policy limits applying, but not less than stated. [# 2] A certificate naming CHAMPLIN and such non-operators as may be listed in Schedule "A" as co-insured and evidencing the coverages, specifically quoting the indemnification provision set forth in Article 807, shall be delivered to CHAMPLIN prior to commencement of operations under this Contract, however, the coverage afforded CHAMPLIN and such non-operators as co-insureds under [Western]'s insurances shall include risks, losses, and liabilities assumed herein by [Western] or in respect of which [Western] has agreed to indemnify CHAMPLIN.

In its first sentence, article 901 provides for comprehensive general liability insurance: Western "shall maintain, at its sole cost, and shall require any subcontractors it may engage to maintain, at all times while performing work hereunder, the insurance coverage set forth in Schedule 'D' [concerning comprehensive general liability insurance] with companies satisfactory to CHAMPLIN with full policy limits applying, but not less than stated." The very next sentence provides that a "certificate naming CHAMPLIN ... as co-insured and evidencing the coverages ... shall be delivered to CHAMPLIN." At this point, the only insurance for which provision has been made is the comprehensive general liability insurance of sentence (1). Thus, sentence (2), when it refers to Champlin "as co-insured," is naturally read as referring to Champlin as co-insured under the comprehensive general liability insurance of the immediately preceding sentence (1).

4. Memorandum and Order at 5 (filed April 8, 1987) (emphasis supplied).

The further references to indemnification liability in sentence (2) do not make provision, as the district court apparently understood, for a separate insurance policy covering indemnification liability only. Instead, these further references serve to make clear that the comprehensive general liability insurance coverage established by sentence (1) "shall include" coverage of such indemnification liability.

### III.

In sum, we conclude that the drilling contract did require Western to procure and maintain comprehensive general liability insurance naming Champlin as co-insured. Western's arguments notwithstanding, *Ogea* then compels the further conclusion that any indemnification duty running from Champlin to Western "do[es] not come into play" for amounts within the insurance coverage Western was required to procure and maintain.[5] The judgment of the district court granting Western's summary judgment motion on its indemnification cross-claim is therefore reversed, and the case remanded.

REVERSED AND REMANDED.