888 F.2d 1493
 1990 A.M.C. 2957, 15 Fed.R.Serv.3d 194
 Terry Wayne STOCKSTILL, Plaintiff-Appellee,
v.
PETTY RAY GEOPHYSICAL, DIVISION OF GEOSOURCE, INC.,
Defendant-Cross Claimant-Appellant,
v.
DOERLE'S QUARTERBOATS, et al., Defendants-Cross Defendants-Appellees.
 No. 88-3701.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 29, 1989.
 
 Deborah B. Rouen, Robert B. Nolan, Adams & Reese, New Orleans, La., for Petty Ray Geophysical.
 Michael McAlpine, R. Edward Blanchard, Johnson & McAlpine, New Orleans, for Covenant & St. Paul and Doerle's.
 Thomas J. Wagner, N. Eleanor Graham, Wagner & Bagot, New Orleans, La., for First Horizon & Doerle.
 Eldon T. Harvey, III, Metairie, La., for B & B Operators.
 Hal C. Welch, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for U.S. Fire Ins.
 Joseph L. Spilman, III, Christopher Tompkins, David L. Campbell, Deutsch, Kerrigan & Stiles, Malcolm Monroe, New Orleans, La., for Bayly, Martin, & Fay.
 Clifford E. Cardone, John A. Occhipinti, New Orleans, La., for Stockstill.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before KING, JOLLY and DUHE, Circuit Judges.
 PER CURIAM:
 
 I. Proceedings Below
 
 1
 Terry Wayne Stockstill was injured while unloading seismic equipment from a barge, the BB-300. He sued his employer--Petty Ray Geophysical a division of Geosource, Inc. (Geosource); the vessel owner--Thomas A. Blankenship d/b/a B & B Operators (B & B); and various other defendants under the Jones act and general maritime law. Stockstill and Geosource settled prior to trial which left only Geosource's cross-claims and B & B's third party claim to be adjudicated. Geosource's cross-claims against Doerle's Quarterboats and its two insurers--First Horizon Insurance Company and Covenant Mutual Insurance Company--were dismissed on summary judgment.
 
 
 2
 Geosource also cross-claimed against B & B. B & B agreed to have its P & I insurance policy endorsed to name Geosource as an additional insured. Since B & B failed to do so, Geosource argues that B & B must stand in the shoes of the P & I insurer. B & B made a third party demand against its insurance agent--Bayly, Martin and Fay of Louisiana, Inc. (BMF). B & B claims that BMF failed to endorse B & B's P & I insurance to include Geosource as an additional insured. B & B argues that if it is liable to Geosource, BMF is liable to it.
 
 
 3
 Before trial, Geosource and B & B stipulated to the following facts: (1) Stockstill was employed by Geosource as a Jones Act seaman and he was a member of the crew of a fleet of vessels including the barge BB-300; (2) Stockstill's injury aboard the barge was caused solely by the negligence of a fellow employee, Sandidge; (3) the barge was not unseaworthy; (4) B & B was not negligent; and (5) the amount of money owed Geosource after it settled with Stockstill.
 
 
 4
 The district court held that B & B was not liable to Geosource and that BMF, therefore, was not liable to B & B. Geosource filed a notice of appeal from the dismissal of its claim against B & B. B & B did not file a notice of appeal from the dismissal of its claim against BMF. BMF contends that B & B may not appeal this determination because it failed to file a notice of appeal and that Geosource has no standing to appeal this dismissal because it never filed a claim against BMF.
 
 
 5
 The parties raise two issues. In Part II of this opinion we reverse the district court and hold that B & B is liable to Geosource. In Part III we grant BMF's motion to be dismissed from this appeal. We remand the case to allow the district court to enter a judgment fixing the damages which B & B owes Geosource.
 
 II. P & I Insurance
 
 6
 The district court relied on Lanasse v. Travelers Ins. Co., 450 F.2d 580 (5th Cir.1971), cert. denied, 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 120 (1972) to hold that B & B was not liable to Geosource. In Lanasse the plaintiff was hurt while unloading cargo from a vessel to an offshore platform. The accident was caused solely by the negligence of the crane operator on the platform. The plaintiff sued the owner of the platform, who was also the charterer of the vessel on which the plaintiff was hurt, and the owner of the vessel. The charterer cross-claimed against the vessel owner on the ground that the owner's P & I insurance named the charterer as an additional insured. We noted that a P & I policy only provides coverage if liability flows from the insured's status as vessel owner. Id. at 584. Since the vessel and her crew were not responsible for the accident, the charterer was not liable as a vessel owner and, therefore, there was no P & I coverage. See also Texas Eastern Trans. v. McMoran Offshore Explor., 877 F.2d 1214, 1227-28 (5th Cir.1989); Smith v. Tenneco Oil Co., 803 F.2d 1386 (5th Cir.1986); and Gryar v. Odeco, Inc., 719 F.2d 112 (5th Cir.1983).
 
 
 7
 The district court reasoned that the instant case was squarely governed by Lanasse. The court found that neither Stockstill nor Sandidge were crew members of the BB-300 at the time of the accident. The accident was caused by Sandidge and since he was not a member of the crew of the barge, it did not occasion the accident. Since the barge had nothing to do with the accident, Geosource was not liable as owner of the vessel, and, therefore, Geosource would not have been covered by B & B's P & I insurance.
 
 
 8
 The district court's finding that neither Stockstill nor Sandidge were members of the crew of the BB-300 may not be disturbed on appeal unless it is clearly erroneous. Fed.R.Civ.P. 52(a). It is clear, however, that Stockstill and Sandidge were members of the crew of the BB-300. The parties stipulated that Stockstill was a member of the crew of a fleet of vessels which included the barge. This stipulation is plainly supported by the record. Stockstill, therefore, was a crew member of the BB-300. Sandidge did the same work as Stockstill.[1] Sandidge, therefore, was a member of the barge's crew and the vessel caused the accident.
 
 
 9
 Simply showing that the vessel caused the accident does not end our inquiry. Geosource must also show that its liability flows from its status as vessel owner. Geosource operated the BB-300 as a bareboat or demise charterer and, therefore, may be considered a vessel "owner" for the purposes of P & I coverage. See Helaire v. Mobile Oil Co., 709 F.2d 1031 (5th Cir.1983) and G. Gilmore and C. Black, The Law of Admiralty 4-23 (2d ed. 1975).
 
 
 10
 Provision 7(B) of the charter agreement states "All insurance ... shall name the charterer as an additional insured." B & B, of course, never had its P & I insurance endorsed to name Geosource as an additional assured. Since B & B breached its agreement to do so, it must provide such coverage to Geosource. See Klepac v. Champlin Petroleum Co., 842 F.2d 746 (5th Cir.1988) (per curiam); Ogea v. Loffland Bros. Co., 622 F.2d 186, 189 (5th Cir.1980); and Stewart v. Cran-Vela Rental Co., 510 F.2d 982 (5th Cir.1975).
 
 
 11
 B & B has no defense to this claim. Provision 7(A)(iii) of the charter agreement states that the vessel owner, B & B, must obtain P & I insurance "in an amount not less than $500,000 per vessel per occurrence." Stockstill's claim was settled for $250,000 which is well within the agreed upon policy limits.
 
 III. Fed.R.App.P. 4(a)(3)
 
 12
 No notice of appeal was filed as to the district court's dismissal of B & B's claims against BMF. Once Geosource filed its notice of appeal, B & B had fourteen days in which to file its appeal under Fed.R.App.P. 4(a)(3). BMF argues that absent a timely notice of appeal, appellate jurisdiction may not be exercised over a claim. B & B relies on Anthony v. Petroleum Helicopters, Inc., 693 F.2d 495 (5th Cir.1982) and Bryant v. Technical Research Co., 654 F.2d 1337 (9th Cir.1981) to argue that its failure to file a notice of appeal is not a jurisdictional defect. Anthony and Bryant stand for the proposition that an initial notice of appeal is jurisdictional but a protective or cross-appeal is permissive and courts of appeal may retain all parties in order to do justice.[2]
 
 
 13
 It is questionable whether Anthony or Bryant remain good law in light of Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). In Young Radiator Co. v. Celotex Corp., 881 F.2d 1408, 1415-16 (7th Cir.1989) the Seventh Circuit discussed this issue exhaustively:
 
 
 14
 [S]everal circuits have held that while a timely rule 4(a)(1) initial notice of appeal is mandatory and jurisdictional, Rule 4(a)(3) ... is a rule of practice which can be suspended.... [T]he basic rationale is that the initial notice of appeal invokes jurisdiction over the whole case so that the appellate court has the power to overlook the absence of a 4(a)(3) notice....
 
 
 15
 Last year, the Supreme Court addressed a related issue. In Torres v. Oakland Scavenger Co..... a notice of appeal was filed on behalf of sixteen plaintiffs whose complaint had been dismissed.... Due to a clerical error, the name of one of the sixteen plaintiffs had been omitted from the notice.... The Supreme Court held that the requirements of Rules 3 and 4 are mandatory and jurisdictional and that although the courts of appeals may liberally construe those rules to determine whether they have been complied with, the courts may not waive noncompliance.
 
 
 16
 We believe that Torres controls the issue in this case. While one could argue that the case dealt only with the specificity requirements as applied to an initial notice of appeal, we find broad language in Torres to encompass Rule 4(a)(3) as well. Indeed, it could have been argued in Torres that the notice of appeal naming fifteen of the sixteen plaintiffs invoked the jurisdiction of the court over the whole case, so that a separate appeal by the sixteenth plaintiff was not jurisdictionally required. Yet the Court's holding made clear that requirements of Rules 3 and 4 must be satisfied as to each party, and precludes the argument in this case that Celotex's noncompliance with Rule 4(a)(3) can be waived.
 
 
 17
 Under Torres, therefore, it is doubtful that we have jurisdiction to review the district court's dismissal of BMF.
 
 
 18
 We need not decide today, however, whether Anthony and Bryant survive Torres. Even under Anthony and Bryant the rule was that parties had to file a protective notice of appeal. The United States Court of Appeals for the Ninth Circuit in Bryant, however, established an exception to this rule, which we subsequently adopted in Anthony, when the appealed decision could be read as not being adverse to the non-appealing party. B & B may not take advantage of this exception. The dismissal of its claim was clearly adverse to it. B & B's appeal, therefore, must be dismissed.
 
 
 19
 The judgment of the district court is REVERSED. BMF's motion to dismiss B & B's appeal is GRANTED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The uncontroverted evidence at trial was that Geosource's seismic operations were conducted from a fleet of vessels which included the BB-300 and that Stockstill and Sandidge worked on each vessel in the fleet
 
 
 [2]
 Geosource wishes to enter the fray against BMF as well. Geosource has not filed a claim against BMF and, therefore, has no standing to appeal BMF's dismissal. See 9 J. Moore, B. Ward, and J. Lucas, Moore's Federal Practice 203.06 (1989 2d ed.)