United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-61069

Summary Calendar

_____


AUNDRA MILLER; ET AL

   Plaintiffs

AUNDRA MILLER

   Plaintiff - Appellant

  v.

LOWE'S HOME CENTERS INC; LOWE'S OF MS INC; LOWE'S OF
HERNANDO INC

   Defendants - Appellees

_____

Appeal from the United States District Court
for the Northern District of Mississippi, Oxford
No. 2:04-CV-238

_____

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

  Plaintiff-appellant Aundra Miller appeals the district

court's grant of summary judgment to defendant-appellee Lowe's

---

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

Home Centers, Inc., on his claims of a hostile work environment and wrongful termination on the basis of his race. The district court issued an amended final judgment that dismissed the case with prejudice on September 19, 2005. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

We briefly summarize the relevant facts as set forth in the district court's Memorandum Opinion of September 15, 2005. In March 2001, Aundra Miller ("Miller"), a black male, was hired as a delivery driver by one of Lowe's Home Centers, Inc.'s ("Lowe's") stores located in Memphis, Tennessee. Miller was promoted to Delivery Manager in September 2001. On June 21, 2003, Miller transferred to a Lowe's store located in Southaven, Mississippi, where he worked until his eventual termination on November 5, 2003.

Shortly after his transfer to the Southaven store location, Store Manager Lisa Coleman ("Coleman") began to document several deficiencies in Miller's performance as Delivery Manager. These deficiencies included: (1) Miller's failure to sign off on delivery tickets, which resulted in trucks being left loaded overnight in violation of company policy; and (2) Miller's failure to complete overdue invoices for merchandise that had yet to be delivered as well as fill out other necessary paperwork. During an in-person interview on August 15, 2003, Coleman warned

-2-

Miller about these shortcomings, and Miller responded by leaving work without informing Coleman. Such an act of insubordination constitutes a "Class A" violation under Lowe's Performance Management Policy that could have resulted in the immediate termination of Miller. Instead, Coleman issued Miller a final written disciplinary notice.

On September 18, 2003, Zone Manager William Sloan, a white male, approached Miller about an absence the previous day. Miller had left early to attend a physical therapy session but neglected to inform Sloan about the absence. According to Miller, Sloan did not believe that Miller had been to physical therapy and called Miller a liar in a "loud and rude" manner. Miller subsequently contacted Lowe's AlertLine to report the incident because he felt that Sloan's reaction was improper.

On October 15, 2003, Coleman and Administrative Manager Tommy Miller met with Miller to once again discuss the problems they had discovered in the Delivery Department, including Miller editing his own schedule without approval, leaving incomplete safety truck logs, and failing to properly organize the routing of trucks and otherwise complete his daily duties in a timely fashion. Coleman told Miller that she would monitor his progress in satisfying the required management standards in the future. Less than two weeks later, on October 27, 2003, Miller allowed Tony Ester ("Ester"), a delivery driver under Miller's supervision, to deliver items purchased by Ester using his

-3-

employee discount for his uncle, which was a violation of company policy.[1]  Nevertheless, Miller signed off on the delivery and never mentioned the incident to Coleman.

On November 4, 2003, District Operations Training Manager Heather Davis ("Davis") conducted a random audit of the Delivery Department.  The audit revealed numerous problems, including incomplete paperwork, vehicle service problems, a lack of appropriate forms, and employee scheduling irregularities.  Given Miller's previous infractions and warnings, Coleman terminated Miller for poor job performance on November 5, 2003, citing the various Delivery Department violations that had been identified by Davis during the random audit.  Importantly, the incident with Sloan concerning Miller's previous absence to attend physical therapy was not mentioned as a reason for his termination, and there is no indication that Sloan directly participated in the termination decision at all.

After filing a complaint with the United States Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue notice,[2] Miller timely filed his pro se suit against Lowe's on August 30, 2004, alleging harassment and termination on

_____

[1]  In his deposition, Miller acknowledged that this action violated Lowe's policies: "I knew it was an improper purchase. He should have never made the delivery, but I - he was the only one there to deliver on that day."

[2]  Based on its investigation, the EEOC determined that it was unable to conclude that Lowe's had violated any applicable statutory law.

-4-

the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981. On July 14, 2005, Lowe's moved for summary judgment, arguing that Miller had not produced sufficient evidence to raise a genuine issue of material fact that his termination had anything to do with race. More than a month after the deadline, Miller filed his response to Lowe's motion for summary judgment but did not respond to Lowe's legal arguments or make any reference to applicable law.[3]

On September 15, 2005, the district court issued a Memorandum Opinion, granting Lowe's motion for summary judgment and dismissing both of Miller's claims with prejudice. First, the district court concluded that Miller had not established a prima facie case of race discrimination because, although he was a member of a protected class, the numerous deficiencies cited for his termination indicated that he was not qualified for the position. Miller had also failed to produce any evidence that he was terminated because of his race or that he was replaced by a

---

[3] The fact that Miller did not file a timely response to Lowe's motion for summary judgment does not alter the ordinary standards applicable for our review of the district court's judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 161 (1970) ("[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required.") (internal quotations omitted); see also Anthony v. Petroleum Helicopters, Inc., 693 F.2d 495, 497 (5th Cir. 1982).

member outside of his protected class.[4]   Second, the district

court concluded that Miller's confrontation with Sloan concerning

his absence from work to attend a physical therapy session was

not sufficiently severe or pervasive to alter the conditions of

employment and create an abusive working environment.  Moreover,

Miller had provided no evidence that Sloan's comments were

related to race, proximate in time to the termination, or related

to Coleman's ultimate termination of Miller for poor job

performance.

The district court entered its amended final judgment on

September 19, 2005.  Miller filed his timely notice of appeal on

October 13, 2005.[5]

---

[4]   Even if he had established a prima facie case of
discrimination, the district court further concluded that Miller
had not produced substantial evidence that the legitimate,
nondiscriminatory reasons proffered by Lowe's for his termination
were mere pretext for discrimination.

[5]   Miller's notice of appeal was defective in at least one
respect because it identified the Supreme Court of Mississippi,
rather than the United States Court of Appeals for the Fifth
Circuit, as the court to which the appeal was taken.  Under FED.
R. APP. P. 3(c)(1)(C), the notice of appeal must identify the
court to which the appeal is taken.  Although the dictates of
Rule 3 are "jurisdictional in nature," we are particularly
mindful of the Supreme Court's instruction that courts should
liberally construe such requirements because Miller appears
before this court pro se.  See Smith v. Barry, 502 U.S. 244, 248
(1992).  Moreover, Lowe's does not challenge our jurisdiction
over this appeal or otherwise claim that it did not have adequate
notice of Miller's appeal.  Id. at 248-49 ("[T]he notice afforded
by a document, not the litigant's motivation in filing it,
determines the document's sufficiency as a notice of appeal.").
Therefore, we conclude that the notice of appeal was effective
and decline to dismiss the appeal for lack of jurisdiction.

-6-

## II.  DISCUSSION

Before proceeding to the merits of this appeal, Lowe's argues that Miller's brief is technically deficient with respect to the requirements of FED. R. APP. P. 28 and Fifth Circuit Rule 28.[6]  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) ("[W]hile we construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.").  Although Miller's brief purports to raise four separate issues on appeal, the argument section of the brief fails to expound upon these theories in any logical fashion or cite any relevant legal authority.[7]  Moreover, the statement of facts in Miller's brief inappropriately includes bare allegations that the EEOC mishandled his complaint and

---

[6] Lowe's also maintains that Miller failed to comply with Fifth Circuit Rule 30.1.2, which requires the appellant to file Record Excerpts and serve a copy of the excerpts on opposing counsel.  Miller included several documents in the Record Excerpts that are not part of the certified record on appeal, including Defendant's First Set of Requests for Admission to Plaintiff Miller, documents from the Tennessee Department of Labor and Workforce Development, a "Sworn Statement of Keith Lucas," telephone records of Earnestine Miller, and Lowe's Sales Processing and Electronic Due Files.  We will not consider these additional documents in our review on this appeal.  See Wallace v. Tex. Tech Univ., 80 F.3d 1047, 1047 (noting that appellate review is limited to the summary judgment record before the district court).

[7] As best we can discern from his brief, Miller contends that the district court overlooked his earlier promotion to Delivery Manager and failed to consider twelve pages of his deposition that allegedly refuted Lowe's legitimate, nondiscriminatory reasons for terminating him.  These arguments find no support in the record on appeal, and Miller fails to cite any relevant case law related to these issues.

Lowe's falsified his performance reports and raises a new claim of retaliation against Lowe's for the first time on appeal.

Although pleadings filed pro se are generally held to less stringent standards than those drafted by lawyers, pro se litigants must still reasonably comply with procedural rules. See Grant v. Cuellar, 59 F.3d 523, 524-25 (5th Cir. 1995) (dismissing pro se litigant's appeal for failure to comply with FED. R. APP. P. 28). We agree with Lowe's that Miller has waived his retaliation claim by not including it in his complaint and raising it for the first time on appeal. See Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd., 417 F.3d 444, 447 (5th Cir. 2005) ("Ordinarily, arguments not raised in the district court cannot be asserted for the first time on appeal."). Notwithstanding the other technical deficiencies of Miller's brief, however, we proceed to the merits of the district court's summary judgment determination in light of our well-established obligation to liberally construe such technical requirements when faced with pro se parties. See, e.g., Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

We review the district court's grant of summary judgment de novo. Hodges v. Delta Airlines, Inc., 44 F.3d 334, 335 (5th Cir. 1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, we evaluate all facts in the light most favorable to the non-moving party. See Matsuhita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Our independent review of the record reveals no reversible error on the part of the district court in granting Lowe's motion for summary judgment and dismissing Miller's claims with prejudice. With respect to Miller's termination claim, the district court correctly concluded that Miller had failed to meet his initial burden of establishing a prima facie case of discrimination under the familiar McDonnell Douglas framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case of discrimination, the plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was discharged; and (4) after he was discharged, he was replaced by someone who is not a member of the protected class. Frank v. Xerox Corp., 347 F.3d 130, 137 (5th Cir. 2003). Although Miller belongs to a protected class, there was no genuine issue of material fact that Miller had been terminated because of his race or that he was replaced by someone outside of his protected class. Aside from naked assertions, Miller provided no evidence that his confrontation with Sloan over his work absence was motivated by race or that this incident

-9-

was related to his termination almost two months later for poor job performance. Even viewing the evidence in the light most favorable to Miller, the district court correctly granted Lowe's motion for summary judgment based on Miller's failure to establish a prima facie case of discrimination.[8]

The district court also correctly concluded that the incident with Sloan did not create a genuine issue of material fact with respect to Miller's harassment claim. Again, Miller has wholly failed to demonstrate that Sloan's behavior was racially motivated and "sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 353 (5th Cir. 2001). Further, the district court noted that Sloan's disciplinary comment was neither proximate in time to the termination nor related to the adverse employment decision of Coleman to terminate Miller for poor job performance as a manager. See Krystek v. Univ. of S. Miss., 164 F.3d 251, 256 (5th Cir. 1999) (dismissing as a matter of law comments made two

---

[8] Because we conclude that Miller failed to meet his prima facie burden, we need not reach the district court's reasoning with respect to Lowe's proffered legitimate, nondiscriminatory reasons for terminating Miller. See Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 511 (5th Cir. 2001) (noting that the court of appeals can affirm a district court's grant of summary judgment on any grounds supported by the record). We note, however, that Miller's documented history of shortcomings as a Delivery Manager suggest that he was not qualified for the position in the first place and lend additional support to Lowe's proffered nondiscriminatory reasons for terminating him.

years after an adverse employment decision and by someone who did not participate in that decision).  Accordingly, we find no error in the district court's grant of summary judgment to Lowe's on this claim as well.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to Lowe's Home Centers, Inc.