[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11269
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00533-MLB

TRACEY CUNNINGHAM,
ADRIANA CHRISTOPHER,
CASSANDRA CRAWFORD,
DWAYNE BOWIE,
SHIRLEY HALL,
et al.,

                                        Plaintiffs - Appellants,

versus

FULTON COUNTY, GEORGIA,

                                        Defendant – Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 1, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

More than 500 current and former employees of Fulton County Sherriff's Office sued Fulton County and Fulton County Sheriff Theodore Jackson, asserting that the defendants had violated the Fair Labor Standards Act and breached contracts because of the way that they handled overtime, vacation time, holiday pay, and sick leave.[1]  The district court dismissed the FLSA claims against the County and all claims against Sheriff Jackson.  On the remaining contract claim, the district court granted summary judgment in favor of the County.  The district court then granted the County's motion for sanctions against two employees and their counsel for conduct during discovery and denied the employees' motion for class certification as moot.

On appeal, the employees present four issues for review—whether the district court erred in (1) dismissing their FLSA claims, (2) granting summary judgment in favor of Fulton County on their breach of contract claim, (3) granting Fulton County's motion for sanctions, and (4) denying class certification.  We hold that the district court did not err in any of these respects and now affirm.

---

[1] The employees initially sued seven Fulton County Commissioners, but later voluntarily dismissed them as defendants.

## I

The first issue is whether the district court erred in dismissing the employees' FLSA claims. The district court dismissed the bulk of the employees' claims for essentially three reasons. It dismissed the FLSA claims against the County on the ground that the County could not be considered the employees' "employer" under FLSA; it dismissed the claims against Sheriff Jackson (in his official capacity) on the ground that he was entitled to Eleventh Amendment immunity; and it dismissed the claims for declaratory and injunctive relief on the ground that they were barred by Georgia's doctrine of sovereign immunity.

## A

Before we get to the substance, we need to address two preliminary issues regarding the employees' appeal of the district court's dismissal order. The first is whether the appeal should be dismissed as untimely. The County argues that because the employees' FLSA claims were dismissed on November 8, 2017 and they did not file their notice of appeal until April 4, 2019, the employees missed their 30-day window to file. Fed. R. App. P. 4(a)(1)(A).

"[F]iling a timely notice of appeal is 'mandatory and jurisdictional'; without it a Court of Appeals is 'without jurisdiction to review the decision on the merits.'" *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 660 (11th Cir. 1998) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988)). Rule

3

4(a) requires that a notice of appeal "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The 30-day time period "does not begin to run until entry of a final judgment." *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 779 (11th Cir. 2005) (internal quotation marks and citations omitted). If a case involves multiple claims—as the employees' case against the County did—"a district court's disposition of fewer than all the claims does not constitute an appealable final judgment."[2] *Id.* at 779–80. Because the district court's November 8, 2017 order dismissed some, but not all, of the employees' claims, the relevant judgment from which to measure the 30-day deadline is the district court's March 29, 2019 final judgment, which accompanied its order granting summary judgment against the employees' remaining claim. The employees' notice of appeal was therefore timely, even as to the district court's earlier dismissal order.

The second preliminary issue is whether the employees' appeal of the district court's dismissal order is properly before us, since it was not specified in the notice of appeal as required by Federal Rule of Appellate Procedure 3. We examine this—even though it was not raised by the parties—because "Rule 3's

---

[2] Assuming—as is the case here—that there is no Rule 54(b) certification providing for a final judgment on fewer than all of a plaintiff's claims. *Castleberry*, 408 F.3d at 779–80; *see also* Fed. R. Civ. P. 54(b) (stating that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay").

4

dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). The employees' notice of appeal states that they appeal "from that final Judgment entered in the above styled action on March 29th, 2019 issued by the Honorable Michael L. Brown, United States District Judge." The March 29 decision reflects the district court's order granting summary judgment against the employees; the district court's earlier dismissal of the employees' FLSA claims was issued by Judge Richard Story on November 8, 2017.

Rule 3 requires that the notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). The notice must "designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." *Bogle*, 162 F.3d at 661. But this Court has also held that "it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (quoting *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 739 n.1 (5th Cir. 1980)).

Read charitably, the employees' notice of appeal evinces an intent to appeal not only the district court's summary judgment decision, but also the earlier dismissal of their FLSA claims, which was part of their overall case. Because

5

there is a "liberal allowance of appeals from orders not expressly designated in the notice of appeal," *id.*, we will proceed to consider the substance of the employees' appeal of the dismissal.

**B**

This Court reviews a district court's grant of a motion to dismiss de novo. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016) (citing *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1296–97 (11th Cir. 2015)). We "apply[] the same standard as the district court," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010), meaning that the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff, *Bishop*, 817 F.3d at 1270 (citation omitted). "[A] complaint must 'state a claim to relief that is plausible on its face,' meaning it must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'" to survive a motion to dismiss. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Regarding the dismissal of the FLSA claims against the County, the employees argue on appeal that "[t]he Eleventh Amendment does not protect a county employer from being subjected to FLSA suit in federal court." Br. of Appellants at 12. But the employees are missing the point. The district court did

6

not dismiss the employees' FLSA claims because the County cannot be sued at all, but rather on the ground that the employees here are not in fact "employees" of the County within the meaning of FLSA.

In Georgia, "counties delegate no power or authority to sheriffs"—they are "separate entit[ies] independent of the sheriff's office." *Manders v. Lee*, 338 F.3d 1304, 1311 (11th Cir. 2003). "Sheriffs alone hire and fire their deputies," who are considered "employees of the sheriff and not the county." *Id.* (citing O.C.G.A. § 15-16-23 and collecting cases to support the proposition); *see also Grech v. Clayton County*, 335 F.3d 1326, 1347 (11th Cir. 2003) (stating that the county in that case "does not, and cannot, direct the Sheriff . . . how to hire, train, supervise, or discipline his deputies, what policies to adopt, or how to operate his office"). And as the County has explained, the employees here have not even disputed that the County is not their employer. The employees' FLSA claims against the County were therefore properly dismissed.

In their brief to us, the employees do not challenge either the dismissal of their claims against Sheriff Jackson on Eleventh Amendment grounds or the dismissal of their claims for declaratory and injunctive relief as barred by Georgia's doctrine of sovereign immunity. Accordingly, we will not address those issues. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (citation omitted) ("When an appellant fails to challenge properly on appeal

7

one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").[3]

## II

The employees next assert that the district court erred in granting summary judgment for the County on their breach of contract claim. They contend that the County breached its contracts with them by violating its own personnel policies—specifically, that the County "act[ed] in violation of its own policy by taking the vacation time without compensation to the employee." Br. of Appellants at 16. It did this, the employees argue, by rolling over accrued vacation and holiday pay into an employee's sick leave time, which the employee cannot be compensated for when he or she ceases working for the County.

The employees' contract claims survived the defendants' initial motion to dismiss because the district court concluded that the Georgia Constitution waives

---

[3] The employees' arguments would fail on the merits even if they had clearly raised them. As to the claims against Sheriff Jackson, the Eleventh Amendment bars suits for money damages against states and state officials acting as an "arm of the State." *Manders*, 338 F.3d at 1308. We agree with the district court that the four *Manders* factors—"(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity"—weigh in favor of determining that Sheriff Jackson was an "arm of the State." *Id.* at 1309 (citations omitted). And as to the employees' claims for declaratory and injunctive relief, we agree with the district court that the employees did not establish that sovereign immunity had been waived as to these claims and, in any event, "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor." *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998) (citations omitted).

sovereign immunity for breach of contract actions, and because when liberally construed, the employees' complaint—despite "contain[ing] deficiencies" and "fail[ing] to identify the precise provisions of the 'contract'"—adequately stated a claim. Even so, the district court ultimately granted the defendants summary judgment because the employees did not show a genuine issue of material fact regarding whether the County had breached its own policies.

Importantly, when considering the motion, the district court refused to consider three exhibits proffered by the employees in support of their cross-motion for summary judgment; those exhibits apparently would have included leave-time and pay records for three employees. The district court did so because it agreed with the County that the employees had not provided such information in discovery and had given no good reason for failing to provide it, thereby violating Rule 26 of the Federal Rules of Civil Procedure.

The employees argue that they permitted "a complete inspection of the documents" and allowed the County "total unrestricted access to all time records[,] pay records, leave requests, or documents evincing accrual or usage of vacation time, sick leave or compensatory time." Br. of Appellants at 18. The County responds that "[t]he record is clear that [the employees] neither provided the County with a copy or description and location of" any of those documents nor "offer[ed] any explanation for their belated disclosure." Br. of Appellees at 21–22.

Federal Rule of Civil Procedure 37(c)(1) states that when a party "fails to provide information" in discovery as required by Rule 26, "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." We review a district court's imposition of sanctions under Rule 37 for an abuse of discretion and "a determination that the findings of the trial court are fully supported by the record." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1360 (11th Cir. 2008) (citations omitted).

We affirm the district court's decision not to consider the exhibits. The district court found that the employees didn't list these documents as part of their initial disclosures or supplement their disclosures thereafter. And, importantly, the district court found that the employees didn't give any explanation for their failure to disclose. The district court did not abuse its discretion and its findings are fully supported by the record.

Regarding the substance of the breach of contract claim, we review the grant of summary judgment de novo, "applying the same legal standards used by the district court." *Seff v. Broward Cty.*, 691 F.3d 1221, 1222–23 (11th Cir. 2012) (quoting *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010)). In other words, we will construe the evidence in the light most favorable to the non-moving party and affirm if "we find that no genuine issue of material fact exists

and the moving party is entitled to judgment as a matter of law." *Alvarez v. Royal Atl. Developers*, 610 F.3d 1253, 1263–64 (11th Cir. 2010) (citing *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1262–63 (11th Cir. 2003)).

We affirm the district court's holding that the employees "failed to carry their burden" of demonstrating a genuine issue of material fact regarding whether the County has breached any contract. As the district court pointed out, the employees "either misunderstand or are dissatisfied with the County's policies," since they "admit[ted] that the County has not violated any of its policies, procedures, or SOPs." In short, we agree with Fulton County—and the district court—that the employees "have presented no evidence of a breach" and therefore cannot escape summary judgment.

## III

The third issue is whether the district court erred in granting the County's motion for sanctions. During discovery, two employees—Nattaly Lundie and February Clark—failed to appear for their depositions. The district court ordered Lundie, Clark, and their counsel—Clifford Hardwick—to pay the fees related to the missed deposition and the resulting motion for sanctions. On appeal, Hardwick argues that he "did everything he could to get the two deponents to appear" and

11

that, although "sanctions were appropriate against [Clark and Lundie]," he "did not do anything that would justify him being sanctioned." Br. of Appellants at 19–20.

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), a court may order sanctions if a party fails to appear for a deposition. Various types of sanctions are available—among them that the court may require that "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses" for failing to appear, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Rule 30(d)(2) also states that a court may impose sanctions—including the payment of fees—"on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

As explained above, we review the district court's imposition of sanctions for an abuse of discretion and a determination that its decision is "fully supported by the record." *OFS Fitel*, 549 F.3d at 1360 (citations omitted). The district court did not abuse its discretion in imposing sanctions on employees Lundie and Clark, as well as their counsel, Hardwick. The district court properly considered that Lundie and Clark—although properly served—failed to appear at their deposition. Hardwick apparently did not confirm with Lundie and Clark that they were available before identifying them as employees who could be deposed, did not communicate with the County about his difficulties with his clients, did not attempt

12

to dismiss Clark and Lundie's claims, and did not provide other employees that could be deposed. We agree with the district court that the employees "have not tried to show that their conduct was substantially justified or that other circumstances make an award of expenses unjust," and that the employees' counsel "merely seeks to avoid his own liability."[4]

## IV

The final issue is whether the district court erred in denying the employees' motion to certify a class. The employees initially sought class certification under Federal Rule of Civil Procedure 23. The district court denied the motion, deciding that a FLSA collective action (under 29 U.S.C. § 216(b)) would be the more appropriate vehicle to join the employees together since, at the time, the employees' FLSA claims were still alive. Then, in the November 8, 2017 decision, the district court dismissed without prejudice the employees' motion to proceed via collective action under FLSA, since the FLSA claims had been dismissed. The district court also decided that class certification under Rule 23 was premature at

---

[4] The employees' brief does not appear to challenge the district court's denial of their cross-motion for sanctions against the County, so we do not reach the issue. *See Sapuppo*, 739 F.3d at 680 (noting that issues not properly challenged are deemed abandoned).

that time because no defendant had yet filed an answer, as required by Local Rule 23.1.

The employees argue on appeal that if we were to reverse the district court and remand, "the Appellants' Motion for Class Certification should be granted under either statute [*i.e.*, Rule 23 or FLSA] depending on this Court's ruling." Because we affirm the district court's dismissal of the employees' FLSA claims, as well as the summary judgment decision against their breach of contract claim, we do not address their prior motions for class certification.

\* \* \*

We conclude that the district court did not err in (1) dismissing the employees' FLSA claims, (2) granting summary judgment on the employees' remaining breach of contract claim, (3) imposing sanctions on employees Lundie and Clark and their counsel, or (4) denying class certification.

**AFFIRMED.**